SIGAL CHATTAH
Acting United States Attorney
Nevada Bar Number 7709
MINA CHANG
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: 702.388.6336 / Fax: 702.388.6418
mina.chang@usdoj.gov
*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:25-cr-00241-RFB-MDC |
| Plaintiff, | **Stipulation and Protective Order** |
| v. | |
| CRAIG RENARD GIBSON, | |
| Defendant. | |

The United States, by and between Sigal Chattah, Acting United States Attorney, and Mina Chang, Assistant United States Attorney, counsel for the United States of America, and Charles Goodwin, Esq., counsel for Defendant Craig Renard Gibson, respectfully move for the entry of a Protective Order governing discovery in this matter in accord with the following Stipulation:

## STIPULATION

Whereas, the parties recognize that various federal and state laws and regulations extend protections and limitations regarding the use, disclosure, or publication of information associated with the privacy and identity of an individual, including, but not limited to, social security number, date of birth, address, telephone number, driver's license

number, financial information, banking information, and tax information, which is hereinafter collectively referred to as "Protected Personal Information" ("PPI");

Whereas, the parties recognize that discovery in the above-captioned case is likely to be voluminous and may include documents and other evidence containing PPI of third parties;

Whereas, the parties desire to provide for the timely and expeditious exchange of discovery while simultaneously guarding against the inappropriate use, disclosure, or publication of any PPI associated with any party or third party;

Whereas, in light of the above, the parties have conferred on this matter and have reached agreement on the exchange and handling of PPI;

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned parties, as follows:

1. Documents containing PPI will be referred to as "Protected Documents."
2. The government may produce Protected Documents to the defendant in discovery without redacting PPI.
3. Access to Protected Documents produced by the government will be restricted to the defendant, attorneys for the defendant, and any agents, contractors, or employees acting on behalf of the defendant and/or their attorneys in connection with the above-captioned matter (hereinafter referred to collectively as "Authorized Person(s)").
4. Unless otherwise Ordered by the Court, an Authorized Person shall not:
    a. grant or permit access to Protected Documents by any non-Authorized Person.

      b. allow or permit any non-Authorized Person to read, review, or reproduce any Protected Document.

      c. distribute any Protected Document, by any means, to any non-Authorized Person.

      d. use or disclose Protected Documents, and any PPI contained therein, for any purpose other than in connection with the defense of the above-captioned matter.

      e. use or disclose a Protected Document in connection with any pleadings or proceedings in the above-captioned matter without first redacting any PPI, unless the PPI is directly relevant to the matter at issue.

      f. use or disclose PPI in connection with any pleadings or proceedings in the above-captioned matter, unless the PPI is directly relevant to the matter at issue.

5. Upon conclusion of the above-captioned matter, the defendant's attorney shall return any and all copies of Protected Documents to the attorneys for the United States, or provide them with written certification that the Protected Documents have been destroyed.

6. Nothing in the agreement shall be deemed an admission of the evidentiary admissibility or inadmissibility of any Protected Document in any subsequent proceeding.

/ / /

/ / /

/ / /

3

WHEREFORE, the undersigned respectfully request that the Court accept and enter this Stipulation as the Protective Order governing discovery in this case.

DATED this 4th day of September, 2025.

Respectfully submitted,

SIGAL CHATTAH
Acting United States Attorney

　　*/s/ Charles R. Goodwin*　　　　　　　　*/s/ Mina Chang*
CHARLES GOODWIN, ESQ.　　　MINA CHANG
*Counsel for Defendant Gibson*　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　*Counsel for the United States*

**IT IS SO ORDERED:**

9-22-25

_____
HON. MAXIMILIANO D. COUVILLIER III
UNITED STATES MAGISTRATE JUDGE

4