TODD BLANCHE
Deputy Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar Number 8264
MINA CHANG
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
mina.chang@usdoj.gov
*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,

Plaintiff,

vs.

CRAIG RENARD GIBSON,

Defendant.

Case No. 2:25-cr-00241-RFB-MDC

**Stipulation and Proposed Order to Continue Trial Dates (Second Request)**

IT IS HEREBY STIPULATED AND AGREED, by and between, the United States of America, through the undersigned, and Charles Goodwin, Esq., counsel for defendant Craig Renard Gibson, that the Calendar Call currently scheduled for January 8, 2026 at 1:00 p.m. and the Trial scheduled for February 9, 2026 at 8:30 a.m. be vacated and set to a date and time conveinient to the Court, but no sooner than 120 days.

This Stipulation is entered into for the following reasons:

1. Both government and defense counsel have a scheduling conflict due to trial set on the same day, February 9, 2026, in *United States v. Adam Pacheco*, 2:19-cr-248-APG-DJA.

2. Counsel for the defendant also will need additional time to conduct investigation

in this case to determine whether there are any pretrial issues that must be litigated and whether the case will ultimately go to trial or resolved through negotiations.

3. The defendant is currently incarcerated, and does not object to the continuance.

4. The parties agree to the continuance.

5. The additional time requested herein is not sought for purposes of delay, but merely to allow defense counsel sufficient time to complete necessary research, prepare and submit appropriate pretrial motions.

6. Denial for this request for continuance would deny the parties herein time and the opportunity to effectively and thoroughly research and prepare for trial in this case, taking into account the exercise of due diligence.

7. Additionally, denial of this request for continuance could result in a miscarriage of justice. The additional time is excludable in computing the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) based on the factors outlined in § 3161(h)(7)(B)(i), (iv).

8. This is the second stipulation to continue the trial dates.

DATED this 16th day of December 2025.

TODD BLANCHE
DEPUTY ATTORNEY GENERAL

*/s/ Mina Chang*
MINA CHANG
Assistant United States Attorney

*/s/ Charles Goodwin*
CHARLES GOODWIN, ESQ.
Counsel for Defendant GIBSON

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>CRAIG RENARD GIBSON,<br>Defendant. | Case No. 2:25-cr-00241-RFB-MDC<br>**[PROPOSED] ORDER** |

**FINDINGS OF FACT**

Based on the parties' stipulation to continue the trial dates, and good cause appearing therefore, the Court finds that:

1. Both government and defense counsel have a scheduling conflict due to trial set on the same day, February 9, 2026, in *United States v. Adam Pacheco*, 2:19-cr-248-APG-DJA.

2. Counsel for defendant needs additional time to conduct investigation in this case in order to determine pretrial issues that must be litigated, and adequately prepare for trial.

3. The defendant is currently incarcerated, and does not object to the continuance.

4. The parties agree to the continuance.

5. The additional time requested herein is not sought for purposes of delay, but merely to allow defense counsel sufficient time to complete necessary research, prepare and submit appropriate pretrial motions.

6. Denial for this request for continuance would deny the parties herein time and the opportunity to effectively and thoroughly research and prepare for trial in this case, taking into account the exercise of due diligence.

7. Additionally, denial of this request for continuance could result in a miscarriage of justice. The additional time is excludable in computing the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) based on the factors outlined in § 3161(h)(7)(B)(i), (iv).

8. This is the second stipulation to continue the trial dates.

## CONCLUSIONS OF LAW

9. The ends of justice served by granting said continuance outweigh the best interest of the public and the defendant in a speedy trial because the failure to grant it would likely result in a miscarriage of justice. This continuance is excludable under the Speedy Trial Act, Title 18 U.S.C. § 3161(h)(7)(A) based on the factors outlined in § 3161(h)(7)(B)(i), (iv).

## ORDER

**IT IS THEREFORE ORDERED** that the calendar call currently scheduled for January 8, 2026 at 1:00 p.m. is vacated and continued to ________________ at _______; and the trial currently scheduled for February 9, 2026 at 8:30 a.m. is vacated and continued to _______________ at ________.

DATED this _________ day of December, 2025.

______________________________________
HON. RICHARD F. BOULWARE III
U.S. DISTRICT COURT JUDGE